UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:17-CR-00347-MOC-DCK

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| **TYREE BELK,** | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the Court on defendant's pro se Motion to Dismiss (#37). In this motion, defendant takes issue with the 2017 warrants for his arrest issued in the underlying state court criminal action. He contends that such process was not properly executed by state authorities and that he continued detention in this federal proceeding is not lawful. Thus, defendant not only argues that this action should be dismissed, but that he is being unlawfully detained and that he should be released under a theory of *habeas corpus*. Defendant cites a number of federal procedural rules in support of his argument.

Turning first to the contention that a defect in state process somehow entitles a defendant to dismissal of federal charges, defendant's argument is without legal merit. First, defendant is not before this federal court on the warrants issued by the State of North Carolina. Rather, defendant is before the Court on an Arrest Warrant (#2) properly issued by the Clerk of this Court and a Writ of Habeas Corpus *Ad Prosequendum* (#4) which was properly applied for and issued by a judge of this court. Even if it were assumed that defendant was illegally arrested by state authorities, "[a]n illegal arrest, without more, is neither a bar to subsequent prosecution nor a defense to a valid conviction." United States v. Pineda–Chinchilla, 712 F.2d 942, 943 (5th

1

Cir.1983) (*per curiam*) (citations omitted). Thus, it matters not whether the State of North Carolina crossed all the T's and dotted all the I's in procuring arrest warrant(s) on any underlying state charges. What is important here is that defendant was indicted in this federal court upon a facially valid charging instrument; that a valid warrant for his arrest was issued by the Clerk of this Court; and that a judge of this court caused a Writ to be issued compelling the State of North Carolina to bring the defendant to this court for prosecution on those federal charges. Defendant's Motion to Dismiss based on an alleged defect in the underlying state arrest process is denied.

Next, defendant appears to contend that he is being illegally held by the United States Marshal inasmuch as the state court process was defective. First, defendant's premise is simply wrong as he is not now being held by the United States Marshal on the state charges (albethey a likely detainer); rather, defendant is being held on the federal charges, an Order of detention, and a writ requiring this court to dispose of those federal matters before returning defendant to state custody (if any). Thus, because defendant is lawfully in federal custody, he has no claim that he is being unlawfully detained.

*** 

Finally, the Court believes it is appropriate to revisit defendant's *pro se* status in light of the filings made since the January 2019 calendar call, especially the instant motion. As demonstrated in the instant motion, defendant lacks the training and experience necessary to differentiate between a good legal argument and a bad legal argument, a fundamental legal skill. While pointing out problems with the custody gained by state arrest warrants in related state-court proceedings may be appealing to a layperson's sense of fairness, it takes years of legal training and practice to realize that pursuing that theory is a waste of time that could otherwise be used in preparing a defense, making meritorious motions, or pursuing other resolutions of the case.

Arguments like the one contained in the instant motion will not be allowed to be presented to the jury inasmuch as questions of law are for the court, even ones that have no legal basis. If defendant elects to go to trial without counsel, he will not be allowed to make factual statements from counsel table in examining or cross-examining witnesses. Further, if he strays and makes legal arguments or conclusions to the jury when questioning witnesses, the Court will be compelled to provide the jury with appropriate corrective instructions.

The right of self-representation is not, however, contingent on the complexity of the action or how well a defendant represents himself. While defendant is obviously an intelligent person not suffering from any mental defect that would prevent him from representing himself or assisting in his own defense, defendant lacks the professional experience and the judgment that comes with that experience to *effectively* represent himself. The Court is mindful, however, that "the competence that is required of a defendant seeking to waive his right to counsel is the competence to waive the right, not the competence to represent himself." Godinez v. Moran, 509 U.S. 389, 399 (1993). Where a defendant is not suffering from a mental illness that impairs his ability to conduct trial proceedings, his "ability to represent himself has no bearing upon his competence to choose self-representation." Id. at 400. By exercising his right to represent himself, defendant foregoes the ability to later assert in a Section 2255 action that he was not afforded effective assistance of counsel as it is he who is providing his own counsel, effective or not.

The Court points out defendant's struggles at this early stage not to be critical of either his performance or his choice to represent himself, but to remind him that he may assert his right to counsel at any time if he believes the task he has taken on is too complex. See United States v. Roof, 225 F. Supp. 3d 394, 400 (D.S.C. 2016). While defendant clearly grasps fundamental legal concepts such as the protections afforded by the United States Constitution, he has difficulty

applying those concepts to the facts of his case. Defendant is reminded that that even lawyers who find themselves as defendants in criminal cases most always elect representation by counsel, because attorneys recognize that it is hard for anyone – even an attorney -- to effectively represent themselves as they are too close to their own positions to see the other side. As in football, if you can't read the offense before the ball is snapped, you can put up an effective defense.

Defendant need only look to the nightly national news to see high-profile lawyers being prosecuted in federal court, all of whom have counsel. Every defendant, regardless of their wealth or position in society, deserves the same effective assistance of counsel when faced with serious criminal charges. <u>Gideon v. Wainwright</u>, 372 U.S. 335 (1963). Stand-by counsel drawn by defendant is a well-qualified trial lawyer and the Court is confident in his ability to assist defendant in this matter if defendant so elects.

**ORDER**

**IT IS, THEREFORE, ORDERED** that defendant's pro se Motion to Dismiss (#37) is **DENIED**.

Signed: February 6, 2019

Max O. Cogburn Jr
United States District Judge