UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:17-CR-00347-MOC-DCK

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| Vs. | ) | **ORDER** |
| | ) | |
| **TYREE BELK,** | ) | (requiring a Response from the |
| | ) | government and continuing trial) |
| Defendant. | ) | |

**THIS MATTER** is before the Court on defendant's pro se Motion to Quash Arrest Warrants (#42), Motion to Amend Motion to Quash (#44), and Motion for *Franks v. Delaware* Hearing (#46). The Court considers the Motion to Amend to be a timely filed amendment to the Motion to Quash.[1]

In the instant motions, defendant again seeks to challenge the issuance of the state arrest warrant in the underlying state action. The Court has previously addressed a similar challenge to the state arrest warrant raised in the form of a pro se Motion to Dismiss these federal charges. Order (#38). This time, however, defendant seeks a *Franks* hearing contending that he has made a sufficient showing that such state arrest warrant was issued based on false or inaccurate averments made by a state officer to entitle him to an evidentiary hearing. Apparently, the relief defendant seeks is found in his Amended Motion to Quash the state arrest warrant.

The concerns expressed in this Court's earlier Order (#38) remain. Inasmuch as the issue has now been framed under *Franks* (and there is authority within the Fourth Circuit that extends

---

[1] Putting aside the surplusage contained in the pleading, it appears that the amendment is limited to substituting the word *typed* for the word *printed*.

1

the applicability of *Franks* to arrests warrants, see United States v. Colkley, 899 F.2d 297, 301 (4th Cir. 1990)), the Court finds that the concerns raised by defendant need to be fully briefed and resolved in advance of trial. In doing so, the Court is mindful that Colkley involved application of *Franks* in the context of an arrest warrant issued by a federal magistrate judge on federal charges.

Here, the patent problem with the defendant's argument is that he attempts to challenge and have "quashed' a state-issued arrest warrant on state charges that are not before this Court. Indeed, it appears that defendant is under the misapprehension that his federal charges are "due to this Removal from State Court." Motion (#46) at 5. While it certainly would be arguable that *evidence* seized in violation of federal rights upon an improperly issued state *search* warrant should be excluded in a subsequent federal prosecution, it is difficult to discern how a purportedly defective state arrest warrant on state charges would impact the prosecution of federal charges[2] even where those charges derive from the same conduct.[3] For example, bank robbery is a violation of both state and federal law. The mere fact that a state officer either lacked probable cause to arrest the suspect on state charges as he came out the bank or secured a defective warrant for the arrest of that suspect on state charges after the fact has no impact on whether the United States can go to the Grand Jury, secure an indictment for the separate federal offense, and prosecute that same defendant on the federal bank robbery charge.

While the answer to the novel issue presented by defendant may be in line with the above discussion and the conclusions reached in the earlier Order (#38), the Court finds it appropriate to await the government's responsive memorandum of law prior to taking up the defendant's

---

[2] Defendant has not sought to suppress any statements made or evidence seized incident to the state arrest; rather, it appears that the remedy defendant seeks in his Motion to Quash is to quash the state arrest warrant or dismiss this federal action.

[3] Indeed, the Court knows of no authority that would allow it to quash a state arrest warrant in a state criminal action.

motions.[4] As this Court is not privy to the discovery defendant references in his motion (the state arrest warrant and any affidavit supporting its issuance), those documents will need to be submitted,[5] and it will fall to the government to provide the Court with those materials as exhibits to its Response.

\*\*\*

Finally, defendant's Motion for *Franks* Hearing (#46) was filed March 4, 2019, some 14 days in advance of the scheduled trial term. Allowing sufficient time for the government to respond and for the Court to consider what appears to be a novel argument, it is clear that the issues raised by defendant will not be resolved in time for trial during the March 2019 term. The Court will, therefore, continue this matter from the March 2019 term to the May 2019 term and exclude the time under § 3161(h)(1) as such motions cannot be reached in time for trial in March despite the exercise of due diligence.

**ORDER**

**IT IS, THEREFORE, ORDERED** that the government file its Response to defendant's Motion to Amend Motion to Quash (#44) and Motion for *Franks v. Delaware* Hearing (#46) not later than March 22, 2019.

**IT IS FURTHER ORDERED** that this matter is continued to the May 2019 trial calendar and the time is excluded for Speedy Trial purposes under § 3161(h)(1) as such pending dispositive motions cannot be reached in time for trial in March, despite the exercise of due diligence.

Signed: March 6, 2019



Max O. Cogburn Jr
United States District Judge

---

[4] Noting its earlier response, the government should al
[5] The Court has reviewed defendant's Exhibits (#45), which appear to be Narrative Supplements to police reports.