UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:17-CR-00347-MOC-DCK

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Vs. ) | ORDER |
| ) | |
| TYREE BELK, ) | |
| ) | |
| Defendant. ) | |

**THIS MATTER** is before the Court on Defendant's Motion for Private Investigator at Court's Expense.[1] Persons who are eligible for representation under the Criminal Justice Act, but who have elected to proceed *pro se*, may, upon request, be authorized to obtain investigative, expert, and other services in accordance with 18 U.S.C. § 3006A(e). "This statute requires defendants to establish both indigence and necessity before they can obtain a court-appointed investigator." United States v. Lancaster, 64 F.3d 660 (4th Cir. 1995) (unpublished); see Lawson v. Dixon, 3 F.3d 743, 750, 753 (4th Cir. 1993), cert. denied, 114 S. Ct. 1208 (1994); see also United States v. Nichols, 21 F.3d 1016, 1018 (10th Cir. 1994) ("In requesting a court appointed expert, the burden is on the defendant to show that such services are necessary to an adequate defense.").

Defendant is currently proceeding *pro se*, but he was represented by court-appointed counsel in prior proceedings. And his former attorney, Brent Walker, now serves as court-appointed standby counsel. Thus, Defendant's indigency is established. Defendant claims that an investigator at the Court's expense is "necessary to follow up on leads relevant" to the charges

---

[1] Defendant did not file this motion *ex parte*. Any error in such filing is harmless as Defendant would be obligated to disclose an alibi defense to the Government.

1

against him. Def.'s Mot. for Investigator (#49) at 1. He also claims that a private investigator is "absolutely necessary" for him "to prepare an exculpatory defense" because he is currently detained and cannot physically pursue these leads or secure admissible evidence himself. Id. at 2. Defendant further argues that investigative services are "necessary to discover [his own] whereabouts on the dates of [the alleged crimes], and to prepare an alibi defense." Id. For the reasons given below, Defendant's has not established necessity under section 3006A(e).

First, the subject matter about which Defendant seeks to investigate is uniquely within Defendant's own personal knowledge and experience. Defendant seeks to hire an investigator to find out where he was at the time of the alleged crimes. However, he does not explain why he cannot account for his own whereabouts at that time, or how an investigator would be able to do so.

Second, even if Defendant provided a reasonable explanation as to why his own recollection is inadequate, he has not stated with specificity the reasons why an investigator's services are necessary to his defense. When requesting investigative services, a defendant must show the specific reasons why the services are necessary to his defense. United States v. Gadison, 8 F.3d 186, 191 (5th Cir. 1993) ("To justify the authorization of investigative services under § 3006A(e)(1), a defendant must demonstrate with specificity, the reasons why such services are required."); United States v. Goodwin, 770 F.2d 631, 634 (7th Cir. 1985) (stating defendants are required include in their request for investigative services a specific statement of why the services are necessary); United States v. Davis, 582 F.2d 947, 951–52 (5th Cir. 1978) (when requesting investigative services, defendant must show specifically the reasons why such services are necessary); United States v. Mundt, 508 F.2d 904, 908 (10th Cir. 1974) (same). A trial court may deny a defendant's request for an investigator under section 3006A(e) where, for example, the

defendant does not identify potential witnesses to be interviewed, mention the relevance of these witnesses, point to any particular lead which needs to be pursued, or explain what investigative efforts have been and will be performed.  See Davis, 582 F.2d at 951–52.

Moreover, "a general claim that an investigator is needed to identify potential witnesses is not specific enough to constitute 'necessity' under the statute."  Lancaster, 64 F.3d at 660 (explaining that, if the circumstances presented in this case constituted "necessity" under section 3006A(e), "then defendants would be entitled to a court-appointed investigator in virtually every case"); cf. Gadison, 8 F.3d at 191 ("Moreover, no showing was made that defense counsel had ferreted out information through his own efforts which was likely to lead to the discovery of relevant evidence. Without such specificity, the district court could not adequately appraise [the] need for investigative services."); United States v. Knox, 540 F.3d 708, 718 (7th Cir. 2008) (finding defendant's request was not sufficiently concrete and particularized to justify authorizing the expenditures, since he did not state when or where the potential witnesses would be found, he did not state his plans for locating witnesses, no details were given regarding the expected substance of their testimony or how it would exculpate defendant, and both the proposed trip itinerary to West Africa and the estimated expenses were vague).

Here, Defendant's motion does not show with any specificity that investigative services at the government's expense are merited.  There is no indication that any prospective witnesses or other evidence exists at any location that is likely to be necessary, or even relevant, to his defense. Without such specificity, the Court cannot adequately appraise Defendant's need for investigative services, and it will not authorize government expenditure for a mere fishing expedition.

Third, "section 3006A(e)(1) is not meant to be a substitute for the normal investigation and witness interviewing conducted by defense counsel." Lancaster, 64 F.3d at 660.  While Defendant

3

is currently proceeding *pro se* and, therefore, does not have an attorney to perform such investigative tasks, the nature of the services he seeks are more aligned with the role of trial counsel than that of a private investigator. Defendant requests an investigator "to prepare an alibi defense" and to discover unspecified information about his whereabouts during the alleged crimes. Although an alibi is a relatively simple defense, it is a criminal defense strategy, nonetheless—and one that is more properly handled by a licensed attorney with fiduciary obligations. Attorneys are responsible for not only advocating for clients, but also advising them on the relative strengths and weaknesses of certain trial strategies, including defenses. Attorneys also routinely perform simple investigative services, such as interviewing witness and gathering evidence. And unlike the limited right to a private investigator under section 3006(A)(e), defendants have a constitutional right to court-appointed counsel. Thus, if Defendant decides to have his standby counsel reappointed as his defense attorney in this case, then the Court would, upon request, consider authorizing funds for counsel to any perform normal investigation services, as needed.

Finally, Defendant is advised that, if he does intend to pursue an alibi defense, he is required to notify the Government of such intention pursuant to Rule 12.1 of the Federal Rules of Criminal Procedure. As the Government stated in its Request for Notice of Alibi Defense (#34) filed January 10, 2019, Defendant must state the specific place or places that he claims to have been at the time of the alleged offense, as well as the names and addresses of the witnesses upon whom Defendant intends to rely to establish such alibi. See Fed. R. Crim. P. 12.1. While the deadline for responding to the Government's Request for Notice has passed, the Court will allow an additional 14 days for Defendant to respond to the Government's Request with information detailing his intended alibi defense, if any. See Gov't Request (#34).

Having considered Defendant's motion and reviewed the pleadings, the Court enters the following Order.

**ORDER**

**IT IS, THEREFORE, ORDERED** that Defendant's Motion for Private Investigator at Court's Expense (#49) is **DENIED**, and Defendant is instructed to provide written notice of his intention to use an alibi defense, if any, within 14 days of entry of this Order, pursuant to the Government's Request for Notice of Alibi Defense (#34) and Fed. R. Crim. P. 12.1.

Signed: March 28, 2019

Max O. Cogburn Jr
United States District Judge