UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:17-cr-347-MOC-DCK-1

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| TYREE BELK, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**THIS MATTER** is before the Court on Defendant's pro se "Motion to Quash Arrest Warrants," (Doc. No. 42), "Motion to Amend Motion to Quash," (Doc. No. 44), and Motion for Franks Hearing, (Doc. No. 46).

## I. BACKGROUND

On or about April 10, 2017, Charlotte Mecklenburg Police Department ("CMPD") officers, acting pursuant to probable cause, stopped and arrested Defendant. Defendant's arrest was in relation to a Hobbs Act Robbery that occurred earlier that same day. A grand jury initially indicted Defendant on December 13, 2017. Defendant's current charges are based on a second superseding indictment filed on August 18, 2018. Defendant has filed a motion to quash the arrest warrant issued by the State of North Carolina and has requested a Franks hearing pursuant to Franks v. Delaware, 438 U.S. 154, 155-56 (2009).

## II. DISCUSSION

The Court first addresses Defendant's motion to quash. Defendant argues that defects and misrepresentations in an arrest warrant issued by the state of North Carolina render the warrant invalid. Defendant further contends that the appropriate remedy would be to quash the arrest warrant and "dismiss all charges against him." In response, the Government argues that

1

police officers lawfully stopped and arrested Defendant on April 10, 2017. The Government further argues that, even if Defendant's arrest was unlawful, dismissal of his charges is not an appropriate remedy. The Court agrees.

The Supreme Court has held that "[a]n illegal arrest, without more, has never been viewed as a bar to subsequent prosecution, nor as a defense to a valid conviction." United States v. Crews, 445 U.S. 463, 474 (1980). While the exclusionary rule may limit evidence that the Government can present at trial, the defendant "is not himself a suppressible fruit." Id. Defendant's most recent indictment is based on a totality of circumstances that includes DNA evidence, ballistic evidence, eyewitness statements, and testimony of a co-conspirator. Defendant has not articulated how any of this evidence would be appropriately excluded based on an issue with the arrest warrant issued by the State of North Carolina. In sum, Defendant's Motion to Quash is denied. The Court will also deny Plaintiff's Motion to Amend his Motion to Quash because the motion to amend seeks only a minor alteration in the language in his prior motion and does not affect Defendant's substantive argument on the motion to quash.

The Court next addresses Defendant's motion for a Franks hearing. Defendant contends that "Detective J.C. Smith (002003) of the C.M.P.D., in his [arrest warrant] affidavit, knowingly and intentionally, or with reckless disregard for the truth, included false statements to the magistrate judge[.]" Specifically, Defendant contends that Officer Smith omitted, in his warrant affidavit, that a witness viewing a line-up was able to identify Defendant with only a "75% certainty." Based on these allegations, Defendant requests a Franks hearing.

To obtain a Franks hearing, the defendant must make a substantial preliminary showing that (1) material facts were omitted in the warrant affidavit; (2) the warrant affiant omitted the material facts intentionally or with reckless disregard for the truth; and (3) the omitted facts were

2

necessary to support a finding of probable cause. See Franks v. Delaware, 438 U.S. 154, 155-56 (2009). "[M]erely showing an intentional omission of a fact from a warrant affidavit does not fulfill Franks' requirements." United States v. Tate, 524 F.3d 449, 455 (4th Cir. 2008). "The defendant must show that facts were omitted with the intent to make, or in reckless disregard of whether they hereby made the affidavit misleading. Stated otherwise, the omission must be designed to mislead or must be made in reckless disregard of whether it would mislead." Id. (citations omitted).

The Government asserts that Defendant robbed the Skills Biz Sweepstakes Center on or about April 10, 2017. The lead detective in the matter, J.C. Smith, responded to the scene, spoke with witnesses, and spoke with law enforcement officers participating in the investigation. During his investigation, Detective Smith was able to identify a license plate number associated with a suspect vehicle. Detective Smith also discovered that the suspect vehicle was registered to Defendant. Based on this information, Detective Smith created a photo-lineup that included Defendant. The witness viewed the line-up and was able to identify Defendant with 75% certainty. Detective Smith sought an arrest warrant for the defendant shortly thereafter. In the arrest warrant affidavit, Detective Smith sets forth several key factors to support probable cause. (Doc. No. 50-2, Gov't Ex. 2). In the affidavit, Detective Smith explained that investigators were able to identify a license plate number for the suspect vehicle, that the suspect vehicle is registered to Defendant, and that a witness was able to positively identify Defendant as the robbery suspect. (Id.). Based on the facts listed in the affidavit, the judicial officer issued an arrest warrant. (Doc. No. 50-1, Gov't Ex. 1).

Defendant's motion is denied. As the Government notes, the "75% language" is not a material omission, and there is no evidence that the omission was designed to mislead the

judicial officer who issued the arrest warrant. In any event, the witness's positive identification of Defendant as the robbery suspect, along with the other facts listed in the arrest affidavit, was enough to support the probable cause finding. Defendant have not presented a legitimate argument that Detective Smith omitted the "with 75% certainty" language to intentionally or recklessly mislead the judicial officer. "One way of establishing reckless disregard is by proffering evidence that a police officer failed to inform the judicial officer of facts he knew would negate probable cause." United States v. Lull, 824 F.3d 109, 116 (4th Cir. 2016) (citations omitted). The record simply contains nothing to indicate that Detective Smith omitted the 75% language due to concerns about the judicial officer finding probable cause. Franks does not require that a law enforcement officer list every single fact in the arrest warrant affidavit. Moreover, as to Defendant's vague and general allegations that Detective Smith engaged in "misconduct" and made "false statements" in the arrest warrant affidavit, Defendant's allegations are merely vague and conclusory, and he points to nothing specific that points to any misconduct by Officer Smith.

Finally, as the Government has noted, Defendant has not sought the suppression of any evidence—only a dismissal of charges. As defects with an arrest does not necessarily bar subsequent prosecution, even if a Franks hearing were required, and it was determined that the arrest warrant was not properly issued, Defendant would still have to address significant evidence of guilt that would not be excluded even if it were determined that the arrest was invalid.

### III.    CONCLUSION

In sum, for the reasons stated herein, Defendant's Motion to Quash Arrest Warrants, Motion to Amend Motion to Quash, and Motion for Franks Hearing are all denied.

**IT IS HEREBY ORDERED** that Defendant's "Motion to Quash Arrest Warrants," (Doc. No. 42), "Motion to Amend Motion to Quash," (Doc. No. 44), and Motion for <u>Franks</u> Hearing, (Doc. No. 46), are **DENIED**.

Signed: April 5, 2019

Max O. Cogburn Jr
United States District Judge