UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:17-CR-00347-MOC-DCK

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Vs. ) | ORDER |
| ) | |
| TYREE BELK, ) | |
| ) | |
| Defendant. ) | |

**THIS MATTER** is before the Court on defendant's pro se Motion for Leave to File a Motion to Suppress Past Court's Deadline (#61), Motion to Suppress (#62), and Amended Motion for Private Investigator at Court's Expense (#79).

### I. Motion for Leave to File a Motion to Suppress Past Court's Deadline

This Court has entered an order barring defendant from filing any more pre-trial motions without first seeking leave of court to do so. On May 13, 2019, defendant filed the Motion for Leave to File a Motion to Suppress Past Court's Deadline along with his Motion to Suppress. The suppression motion was automatically scheduled for an evidentiary hearing consistent with this Court's standard practice. During the hearing, the Court determined that it would grant defendant's Motion for Leave to File a Motion to Suppress Past Court's Deadline because the parties were present and ready to present evidence on the Motion to Suppress. Defendant is reminded, however, that this Court's order barring him from filing any more pre-trial motions without first seeking leave of court is still in effect.

1

## II. Motion to Suppress

For the reasons stated in open court, defendant's Motion to Suppress is denied. During the suppression hearing, the government presented testimony and video evidence showing that CMPD officers had reasonable suspicion to stop defendants' vehicle and probable cause to place him in custody. As the Court explained in more detail on the record, the law did not require officers to conduct their entire robbery investigation on the side of the road immediately after defendant's traffic stop. And body camera footage shows that the CMPD officers in this case acted within the scope of their legal authority at all relevant times. As such, defendant's motion is denied.

## III. Amended Motion for Private Investigator at Court's Expense

Defendant's motion Amended Motion for Private Investigator at Court's Expense is denied. As an initial matter, defendant this motion without first seeking leave of court to do so. For this reason alone, the motion is denied. Additionally, defendant has not shown proper grounds for obtaining a court-appointed investigator. Persons who are eligible for representation under the Criminal Justice Act, but who have elected to proceed *pro se*, may, upon request, be authorized to obtain investigative, expert, and other services in accordance with 18 U.S.C. § 3006A(e). "This statute requires defendants to establish both indigence and necessity before they can obtain a court-appointed investigator." United States v. Lancaster, 64 F.3d 660 (4th Cir. 1995) (unpublished); see Lawson v. Dixon, 3 F.3d 743, 750, 753 (4th Cir. 1993), cert. denied, 114 S. Ct. 1208 (1994); see also United States v. Nichols, 21 F.3d 1016, 1018 (10th Cir. 1994) ("In requesting a court appointed expert, the burden is on the defendant to show that such services are necessary to an adequate defense.").

Defendant is currently proceeding *pro se*, but he was represented by court-appointed counsel in prior proceedings. And his former attorney, Brent Walker, now serves as court-

appointed standby counsel. Thus, defendant's indigency is established. Defendant claims that an investigator at the Court's expense is necessary in order to seek out the current locations of three individuals named in defendant's motion for the purpose of calling them as witnesses in defendant's trial "to establish the origin and nexus of the two guns associated with the case and their later discovery, also to establish the former custody of the guns on and before dates of the incident[s] charged in the above-referenced case." Def. Mot. Inv. Funds (#79) at 2. Defendant has not established necessity under section 3006A(e). Defendant has been charged with committing Hobbs Act robbery and possessing and brandishing a firearm during the robbery. The source of the firearm and the whereabouts of three named individuals are simply irrelevant to the issue of whether defendant possessed and brandished a firearm during the robbery. As such, defendant's Amended Motion for Private Investigator at Court's Expense is denied.

Having considered defendant's motions and reviewed the pleadings, the Court enters the following Order.

## ORDER

**IT IS, THEREFORE, ORDERED** that

i. Defendant's Motion for Leave to File a Motion to Suppress Past Court's Deadline (#61) is **GRANTED**,

ii. Defendant's Motion to Suppress (#62) is **DENIED**; and

iii. Defendant's Amended Motion for Private Investigator at Court's Expense (#79) is **DENIED**.

Signed: July 16, 2019



Max O. Cogburn Jr.
United States District Judge