UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:17-cr-347-MOC-DCK-1

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| **TYREE BELK,** | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the Court on defendant's Motion for New Trial. (Doc. No. 105). Also pending is defendant's Motion to Extend Time, (Doc. No. 109), in which defendant asks the Court to rule on his motion for new trial.

This court finds that none of defendant's claims merit granting him a new trial. First, defendant argues that a new trial is necessary because the jury should not have been allowed to consider whether he possessed with the intent to distribute a controlled substance analogue. Defendant contends that N-Ethylpentylone was not a controlled substance analogue in 2017, the time of his criminal offense. Defendant cites no authority for this proposition. Assuming, arguendo, that defendant even has standing to raise this issue, N-Ethylpentylone was a controlled substance analogue at the time of his criminal offense, and an expert provided sufficient testimony at trial from which a reasonable jury could determine that defendant possessed with the intent to distribute a controlled substance analogue. See 21 U.S.C. § 802(32)(A). Thus, this claim does not warrant a new trial.

Defendant also makes numerous claims essentially asserting that a new trial is warranted because of newly discovered evidence—specifically, various recorded phone calls made by

witness, Lashonda Forney.  This claim is wholly without merit because the evidence defendant references is not new.  See United States v. Bales, 813 F.2d 1289, 1295 (4th Cir. 1987) (noting that the "the evidence must be, in fact, newly discovered, i.e., discovered since the trial").  As part of their investigation, law enforcement officers collected numerous recorded phone calls made by Forney.  Forney made the recordings herself and turned them over to law enforcement officers after the robbery incident.  Law enforcement officers then turned the recorded phone calls over to the United States Attorney's Office as part of criminal discovery.   Most of these phone calls were not related to the robbery incident.  In at least one call, however, co-conspirator Keai Cathey communicated with Forney by phone.

The Government made defendant's attorney aware of the existence of all the recorded phone calls and informed him specifically of the call between Cathey and Forney.  The Government also made all the recorded calls available to defendant's attorney before trial, and defendant's attorney reviewed the calls on December 20, 2018, well before the July 2019 trial.  Defendant's trial attorney was clearly aware of the telephone communication between Forney and Cathey because he made use of the information at trial.  Forney was the first witness called to testify by the Government, and the Government did not raise the issue of the recorded phone calls on direct examination.  Rather, defendant's trial attorney raised the issue for the first time on cross-examination.  In sum, defendant's claim regarding newly discovered evidence is wholly without merit.

**IT IS THEREFORE ORDERED** that:

(1) Defendant's Motion for New Trial, (Doc. No. 105), is **DENIED**.

(2) Defendant's Motion to Extend Time, (Doc. No. 109), is **GRANTED** to the extent the Court has now adjudicated Defendant's Motion for New Trial.

Signed: November 6, 2019

Max O. Cogburn Jr.
United States District Judge