# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# DOCKET NO: 3:17-CR-00347-MOC-DCK

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| vs. | ) |
| | ) **ORDER** |
| TYREE BELK, | ) |
| | ) |
| Defendant. | ) |

**THIS MATTER** comes before the Court on the Government's Unopposed[1] Motion for Order of Forfeiture. See Doc. No. 106. The Government requests the Court to order forfeiture for firearms and currency involved in the offenses of this case, under Federal Rule of Criminal Procedure 32.2, 18 U.S.C. §§ 924 and 981, 21 U.S.C. § 853, and 28 U.S.C. § 2461(c). Because the Government has established the requisite nexus between this property and the offenses of conviction by a preponderance of the evidence, the Court orders forfeiture in this case.

## I. BACKGROUND

On August 22, 2018, a Grand Jury in the United States District Court for the Western District of North Carolina returned a Second Superseding Bill of Indictment against Defendant, charging him with, among other things, the following offenses: conspiring to commit Hobbs Act Robbery, in violation of 18 U.S.C. § 1951(a) (Count One); committing Hobbs Act Robbery, in violation of 18 U.S.C. § 1951 (Count Two); possessing a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c) (Count Three); possessing with intent to distribute a controlled substance analogue, in violation of 21 U.S.C. § 841(a)(1) (Count Four); and being a

---

[1] Defendant filed a *pro se* response opposing the Government's forfeiture motion, see Doc. No. 113, but withdrew opposition during the Court's July 15, 2020 hearing.

felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) (Count Six).[2]  In that indictment, the Grand Jury also found probable cause for the criminal forfeiture of all currency[3] seized during the apprehension of Defendant, as well as the two firearms seized from his vehicle and hotel room.  See Doc. No. 23.

The identified charges stemmed from an April 10, 2017 robbery of Skills Biz Center, after which law enforcement apprehended Defendant and his co-conspirator, Gina Cathcart, in Defendant's Pontiac vehicle.  Upon apprehending Defendant, law enforcement searched his vehicle, Cathcart's[4] purse in the vehicle, and a hotel room, seizing the following:

- **Approximately $1,738.00 in US currency seized on April 10, 2017 from Defendant's Pontiac vehicle in which Defendant traveled when he was apprehended (hereafter, "the Currency").  The Currency is comprised of $1,270 seized from the vehicle and $468 seized from Cathcart's purse in the vehicle;**

- **One SCCY, CPX-1, 9mm pistol, serial number 168978, and ammunition seized on April 10, 2017 from Defendant's Pontiac vehicle in which Defendant traveled when he was apprehended (hereafter, "the SCCY Pistol"); and**

- **One Hi-Point, C9, 9mm pistol, serial number P1971537, and ammunition seized on April 10, 2017 from a Super 8 Hotel room registered to Defendant (hereafter, "the Hi-Point Pistol.").**

Defendant elected a jury trial on the charges.  Ultimately, the jury returned a guilty verdict on the identified charges.  See Doc. No. 89.  Defendant waived his right to have the jury decide the issue of forfeiture.  After a hearing on July 15, 2020, the issue of forfeiture is ripe for review.

---

[2] Defendant was charged but not convicted of several other offenses.  Those offenses do not support forfeiture, so the Court does discuss them in this Order.

[3] The indictment identified $1,738.00 in U.S. currency as a forfeiture money judgment constituting proceeds of the crime.  However, the United States advises that, since law enforcement actually seized the $1,738.00 in currency, the currency is identified herein.

[4] Cathcart subsequently pled guilty to Hobbs Act Robbery and implicated Defendant in the crimes.  She also contended that the items in her purse were given to her by Defendant.

## II.     DISCUSSION

Criminal forfeiture is part of a defendant's sentence. See United States v. Martin, 662 F.3d 301, 306 (4th Cir. 2011). The procedure for entering a criminal forfeiture order is set forth in Federal Rule of Criminal Procedure 32.2. Under that rule, the Court "must promptly enter a preliminary order of forfeiture" where it "finds that property is subject to forfeiture." Fed. R. Crim. P. 32.2(b)(2)(A). Rule 32.2 is procedural in nature, so the Court must look to other "applicable statute[s]" to "determine what property is subject to forfeiture." Fed. R. Crim. P. 32.2(b)(1)(A); see, e.g., United States v. Poulin, 690 F. Supp. 2d 415, 421 (E.D. Va. 2010), aff'd, 461 F. App'x 272 (4th Cir. 2012). Furthermore, where "the government seeks forfeiture of specific property, the court must determine whether the government has established the requisite nexus between the property and the offense." Fed. R. Crim. P. 32.2(b)(1)(A). The requisite nexus must be established between the property and the offenses of conviction by a preponderance of the evidence. See Martin, 662 F.3d at 307; see also United States v. Farkas, 474 F. App'x 349, 359 (4th Cir. 2012).

Together, several statutes require forfeiture of the property identified by the Government. First, 18 U.S.C. § 924(d) authorizes forfeiture of firearms involved in violations of criminal laws of the United States, including the Hi-Point firearm involved in the Count One robbery conspiracy, Count Two robbery, Count Three possession of a firearm in furtherance of a crime of violence, and Count Six possession of a firearm by a convicted felon offense. The trial evidence established by a preponderance of the evidence that the Hi-Point was involved in these offenses. Specifically, the Hi-Point firearm was discovered in a hotel room shortly after the commission of the robbery. The robbery victims indicated that the male suspect, Defendant, possessed the firearm during the robbery. At trial, Cathcart testified that she and the Defendant were transported to a hotel immediately following the robbery. Records obtained from the hotel confirmed that the Defendant

did indeed rent the hotel room identified by Cathcart. Law enforcement officers searched the hotel room shortly after the robbery and discovered the Hi-Point firearm. The evidence set forth at trial indicates that the Defendant committed the robbery, rented a hotel room, and secured the firearm in the hotel shortly thereafter. The evidence indicates that the defendant was in actual possession of the Hi-Point during the robbery and was in constructive possession of the weapon once he stored it in the hotel and departed. Thus, based on these connections between the Hi-Point and offenses of conviction, Section 924(d) mandates forfeiture of the Hi-Point firearm.

Next, 18 U.S.C. § 981(a)(1)(C), a civil forfeiture provision applicable in this criminal forfeiture case by virtue of 18 U.S.C. § 2461(c), renders proceeds of the Count One robbery conspiracy and Count Two robbery—such as the Currency seized in this case—subject to forfeiture. Here, the trial record showed that, on April 10, 2017, the day of the Skillz Biz robbery, law enforcement seized $468 of the currency from co-conspirator Cathcart's purse and $1,270 of the currency from Defendant's vehicle. At trial, Cathcart testified that the money recovered from her the purse had been given to her by Defendant. Again, Cathcart and Defendant were both apprehended and searched shortly after the robbery, supporting Cathcart's contention that the money was from the robbery. Thus, Section 981(a)(1)(C) mandates forfeiture of the Currency.

Finally, 18 U.S.C. § 853(a) authorizes forfeiture of property, such as the SCCY firearm, used or intended to be used to facilitate a controlled substance analogue offense, such as the Count Four offense of which the Jury found Defendant guilty. Based on the trial record, law enforcement seized the SCCY firearm from Cathcart's purse. Cathcart would later explain that Defendant had given the firearm to her to place inside of the purse. Cathcart would also explain that, following the robbery, Defendant met with his brother to engage in a narcotics transaction. Based on the timeline of the events as provided by Cathcart at trial, the firearm was present and in Defendant's

presence and control at the time that he engaged in the narcotics transaction with his brother. Defendant was in possession of the SCCY firearm before giving it to Cathcart. Moreover, the firearm was discovered in close proximity to the controlled substances at the time that Defendant was arrested. The SCCY firearm was used or intended to be used as a means to protect the distribution of analogue controlled substances and any potential proceeds from a future distribution of the controlled substances. The SCCY firearm helped to facilitate the narcotics transaction. Therefore, Section 853 mandates forfeiture of the SCCY firearm.

In sum, the Government's evidence at trial and the Jury's verdict establishes by a preponderance of the evidence that the identified property is subject to forfeiture.

## ORDER

**IT IS, THEREFORE, ORDERED** that the Government's Motion for Preliminary Order of Forfeiture, Doc. No. 106, is **GRANTED**, as follows:

1. Based on the trial evidence and defendants' convictions, the United States is authorized to take and maintain possession of the following property, and that property is hereby preliminarily forfeited to the United States for disposition according to law, provided that such forfeiture is subject to any third-party claims and interests, pending final adjudication:

- **Approximately $1,738.00 in US currency;**
- **One SCCY, CPX-1, 9mm pistol, serial number 168978, and ammunition; and**
- **One Highpoint, C9, 9mm pistol, serial number P1971537, and ammunition.**

2. Pursuant to 21 U.S.C. § 853(n)(1) and Federal Rule of Criminal Procedure 32.2(b)(6), the Government shall publish notice of this order; notice of its intent to dispose of the property in such manner as the Attorney General may direct; and notice that any person, other than the Defendant, having or claiming a legal interest in any of the above-listed forfeited property must

file a petition with the Court within thirty days of the final publication of notice or of receipt of actual notice, whichever is earlier. This notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the property, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title or interest in the forfeited property and any additional facts supporting the petitioner's claim and the relief sought. The United States may also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in property that is the subject of this Order of Forfeiture, as a substitute for published notice as to those persons so notified.

3. Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture. If no third party files a petition within the time provided by law, then this Order shall become final by operation of law.

4. The Court retains jurisdiction to enforce this Order, and to amend it if necessary, pursuant to Federal Rule of Criminal Procedure 32.2(e).

**SO ORDERED.**

Signed: July 22, 2020

Max O. Cogburn Jr
United States District Judge